James K. ARNESS; Janet L. Arness, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellee.

No. 04–56362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Sept. 28, 2005.

**650**

Brian J. Heffernan, Engstrom, Lipscom & Lack, Los Angeles, CA, for Plaintiffs–Appellants.

Peter H. Klee, Esq., Luce Forward Hamilton & Scripps, San Diego, CA, for Defendant–Appellee.

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.[*]

### MEMORANDUM [**]

The district court did not err in granting summary judgment on Plaintiffs' claims for bad faith and punitive damages in connection with the denial of Plaintiffs' 1995 insurance claim. In light of Plaintiffs' own admissions as to when they first became aware of damage to their home following the Northridge earthquake, the district court correctly determined that Plaintiffs could not show that Allstate acted unreasonably or without proper cause, *see Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (Ct.App.2001), or that Allstate acted with "oppression, fraud, or malice," Cal. Civ.Code § 3294.

Because the district court did not rule on Plaintiffs' motion to amend their complaint to allege events occurring after the revival of their claim in 2000, we are unable to determine whether and to what extent the district court also intended to adjudicate Allstate's entitlement to summary judgment on Plaintiffs' claims for bad faith and punitive damages arising from those events. Under these circumstances, ordinarily we would remand to the district court for further proceedings. However, at oral argument the parties agreed that the present record and briefing are sufficient to permit us to review *de novo* the issues related to the 2000 claim, *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997), and in fact both parties urged us not to remand, noting that the underlying dispute has been ongoing for more than ten years.

Having undertaken that review, we conclude that summary judgment was proper as to the 2000 claim as well. Reduced to its essence, Plaintiffs' position is that Allstate "low-balled" its estimate of the earthquake-related damage to their home and deliberately delayed both its investigation of their claim and the contractual appraisal process, the latter of which ultimately resulted in a significantly higher damage figure that Allstate thereafter paid. However, the only reasonable inference from the evidence in the record is that there was a legitimate dispute between the parties as to the cause of at least some aspects of Plaintiffs' property damage, as well as the cost of repairs. The mistaken or erroneous withholding of policy benefits, if reasonable or based on a legitimate dispute as to the insurer's liability under California law, will not expose the insurer

---

[*] The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as provided by Ninth Circuit Rule 363.

to liability for bad faith. *Morris v. Paul Revere Life Ins. Co.,* 109 Cal.App.4th 966, 135 Cal.Rptr.2d 718, 726 (Ct.App.2003).

The delays in the investigation and appraisal evidently were attributable to a combination of factors, including the timing of Plaintiffs' filing of the underlying lawsuit, multiple continuances of proceedings in the district court, and disagreements between counsel concerning the selection of a neutral umpire for the appraisal. Plaintiffs have failed to point to any specific facts that would enable a reasonable jury to find that Allstate acted unreasonably or without proper cause, or that Allstate's conduct rose to the level of "oppression, fraud, or malice" that would support an award of punitive damages.

AFFIRMED.